May it please the Court. My name is Darryl Silvera and I represent New Hampshire Insurance Company. As you know, this is a case involving an issue of standing. And this case, as Judge Jones is aware, has been here before. In 2010, Mr. Dominguez, who worked for Americanos, had an accident and the case was pursued through the Workers' Compensation Commission. After that accident, Perla Garcia, his spouse, widow, filed suit in Cameron County District Court suing Americanos, Greyhound, Irma Morado, his co-worker, and other defendants for negligence gross negligence. In 2010 or 2011, Perla Garcia filed a workers' compensation claim pursuing issues of coverage, whether or not there was a workers' compensation coverage in force and effect, who was the correct employer for purposes of workers' compensation, and the issue, of course, and scope of employment. That matter went through and the Cameron County case was specifically abated for purposes of a determination on coverage. Is that case, where is that case now? Your Honor, that case is still abated. Come on. It is still abated because I'm sure your client is thrilled. We would like to get this matter ruled upon and I believe the opposing counsel would as well, but as you know, the underlying district court has not ruled on the merits of coverage or the employer for purposes of workers' compensation. Now, they have ruled and given the relief that they sought concerning course and scope, which this court previously affirmed back in 2016, at the same time said, we've got to reverse the matter to address the standing issue. Well, I thought your client prevailed on course and scope. We did prevail on course and scope, but that was an issue that they brought to the division, so they are asserting no coverage, who the employer was for purposes of workers' compensation, and they were claiming that he was not in the course and scope, so they did not get the relief which they sought and they appealed. Likewise, New Hampshire did not obtain the relief which it sought and it appealed. What is important is through the administrative process in workers' compensation, it's an expedited process. Rules of evidence do not apply. Well, wait a minute, Mr. Silvera, because the problem that I see with this appeal is, and deja vu all over again, there is very little difference between the brief that you filed in the first case appeal and the brief that you filed before us today. In fact, there was very little difference when we remanded it to the district court and she pointed out that it looked like a cut and paste job because you were still citing the record on appeal. We offered the opportunity, our panel did, to introduce facts that would support your arguments for being a party aggrieved and there may be one or two new cases, but I don't see much difference between this appeal and the first one, and therefore, I find a hard time seeing why we should not rule in line with the district court. The most important fact and evidence, which was before the court previously and is still before the court, is there are two pending disputes, the existence of coverage and the existence of who the proper employer is for purposes of workers' compensation. All we need to do is look at the DWC decision in order, which shows we exhausted our administrative remedies and pursuant to the Labor Code 410251, we have a judicial and constitutional right to have that decision reviewed. And when this case was filed in district court, Perla Garcia filed a counterclaim and asserted as part of her counterclaim a declaration of seeking no coverage as well as asserting that Greyhound was not the employer for purposes of workers' compensation. So they also invoked the jurisdiction of the court in a counterclaim, and our contention is it's very simple. Under the statutes, under the law, and under what the Texas Supreme Court has addressed concerning standing, and that requires that there be a real controversy that will be resolved by this dispute or court, that has not taken place. And there's no dispute. There's no question. There's a real dispute between the parties. They contend there's no coverage. We contend there is coverage. They contend Greyhound is not his employer for purposes of workers' compensation. We contend, in addition to Maricanos, Greyhound is the employer for workers' compensation and first group, and that's imperative because that affects multiple issues on, excuse me, remedies of defense, on the consequences of this decision, but more importantly, we have been precluded from having our day in court. Perla Garcia has had her day in court. If you look at the administrative process, the Workers' Compensation Commission, you go to a contested case hearing, which there are no rules of evidence. There are no procedural safeguards. Well, look, I'm very, I don't quite understand why they ruled the way they did in regard to the coverage question here, but the Texas law about party aggrieved, I think we're bound by that, and the Texas law about party aggrieved, I think the district judge analyzed that pretty thoroughly, and it's hard to get around a lot of that, even though the cases aren't precisely on point, and it's also hard for me to understand at this late date why your arguments aren't weaker today than they were on the last appeal. In other words, if you had any, if your client had any opportunity to try to recoup premiums or recoup workers' comp payments that were erroneously made to employees following the former TWC decision, limitations has run on those. Well, the issue is standing, and did we obtain the relief we sought, and we did not, and there are significant things which have transpired, and let me bring to the court's attention. The court's analysis of what is aggrieved under Texas law is simply incorrect. There is a Supreme Court. What's your best case? There's two of them. The Supreme Court in Continental Casualty v. Functional Restoration Associates, 19 Southwestern 3rd, 393, reviewed Texas Labor Code section 410.251 and held that that language in 410.251 and 255 was unambiguous. Did you cite that case to us last time? I do not believe that case was cited previously, and more importantly, that's a Supreme Court case in 2000, and that case finds the language is unambiguous. Therefore, they also found that... What language is unambiguous? The language in 410.251 and 255, and then more importantly, the Supreme Court in Hooks v. Texas Department of Water Resources, 611 Southwestern 2nd, 417, text 1981, which was and both relate... Well, let me just say this, though. The problem is, I mean, there is a party aggrieved for purposes of a federal appeal, and if a judgment is in a party's favor, the party may not appeal.  Even if the party thinks that the district court's ruling was crazy, not in accordance with the facts and so on, if they're still the beneficiary of the ruling, they don't get to appeal. Now, why is that formulation different from what you're arguing? Because there are numerous issues that were appealed, the coverage issue and the employer status issue. And the Texas Constitution in the Supreme Court has said the only reason that statutory scheme is constitutional, because you have the right to go into court and have that decision reviewed. Otherwise, it does not meet constitutional muster, and it doesn't comply with Article 3. I understand it. I understand you claim it puts your client in a bind, but the way in which you said it put them in a bind had to do with premiums that allegedly the company had to reimburse. It had to do with workers' comp payments that the company had erroneously made while thinking that it was covering these injuries that it might not be able to recover. And all of that is certainly water under the bridge. And as far as this particular case goes, it's not entirely clear to me that this company is on the hook financially for the consequences of the TWC decision. Well, the decision does not say it's relief of liability. In fact, the decision says carriers to pay benefits. It doesn't say it's relief of liability. And that's the decision, and that's what it says. Did you pay benefits? We issued checks. They did not cash them. And again, what is going on here is the offensive use. This is very important, I think, because Perla Garcia went through the TWC process to try and get at these findings. So they wanted to get a finding that he was not in the course and scope. And they wanted a finding of no coverage. They wanted a finding of no coverage. Well, fine. But this is the situation in this case. But you would win on either. You would, quote, win on either finding. But the issue is, was there a workers' compensation force in effect, or was there not? And that's a decision that we have the right to have a court decide. And otherwise, Judge, the way it is right now, you have one sole hearing officer who I don't care about the hearing officer. And the point to me is, are you aggrieved in the sense in which the Texas cases describe that you have to have suffered a financial consequence? That is, you hit the nail on the head. Well, explain it to me. Because that is not what the standard is. The Orozco Court, which did not cite the Continental FRA case. It said if there's a future injury. Well, actually, it talks about there's many ways to be aggrieved. And in that case, they said there has to be an actual or immediate injury, and or it can't be a loss of a future injury. But it also discussed the other factors of aggrieved. And more importantly, the Deal case, in Orozco, they talked about legal injustice, a denial of a legal right, a grievance, all consistent with what the Texas Supreme Court has said aggrieved is. Well, basically, well, I mean, when we get into Orozco and Deal, in a sense, you're just re-arguing the previous appeal. But Deal misquotes Orozco. And Deal states, quotes Orozco in saying, you're aggrieved only when the loss resulting from a financial decision is actual or immediate. That's not what Orozco says. And more importantly, as the court indicated, we're supposed to determine jurisdiction standing based on the facts of the particular case. And in this particular case, the court found, the trial court found that there were three disputed issues. So we have a real controversy. The trial court found that NHIC did not obtain the relief it sought. The trial court said we were damaged because of the loss of benefits paid to Irma Murado. The trial court indicated we were deprived, and our insurer was deprived, of the exclusive remedy defense. And those are all facts that the court acknowledges. However, the court then wants to make a legal conclusion that this is simply an advisory opinion and disregards what the Texas Supreme Court has said is required for standing. I still don't understand how your company is hurt. We have a finding that there is no coverage. I understand that. And what is the dollars and cents consequence of that? The dollars and cents consequence are we have to refund premiums. No, it's too late for that. Did you refund, did the company, is there any evidence in the record that the company refunded premiums? No, because the case is on appeal. No, sir. The reason for the remand was so that the company could offer evidence about how it was suffered, and maybe the company didn't understand that. Well, the most important issue is we did not obtain the relief that we sought. Relief is a judgment. Relief is a statement. What is the dollars and cents consequence? The dollars and cents consequences include any potential subrogation rights, all the benefits previously paid under the plans set forth in the evidence, breach of a union contract in which it had established. Where is the evidence of any of that? That is in the record. That is, the court discussed it. Yes, Your Honor. We had evidence concerning the union contract. We had evidence concerning the benefits paid. What consequence is it to your company, to NHIC, which is what you represent? You don't represent Americanos or Greyhound, right? Correct. The fact that their temporary interruption of coverage, which I don't understand, but the fact that their temporary interruption of coverage breached the union contract, what does that have to do with NHIC? Those are one of the factors. There are many factors about a party can be agreed, but the bottom line, Your Honor, is... What would be the impact? If we affirm the district court, what's the impact in the Cameron County lawsuit? The impact is the exclusive remedy defenses of our insured Americanos, Greyhound, or coworker Omer Murado is stripped. The consequences are... You're not representing them. You're representing New Hampshire, which has no coverage, according to the... Well, they have an employer's liability policy that provides that, and that's an evidence... Is that in the record? Yes, it is, Your Honor. They're having to provide a defense under the employer's liability policy portion of the policy in the underlying case. Do they pay the judgment? Under the policy provision on employer's liability, if there's an adverse judgment, they would have to, or they should. Now, the other issue is this also strips... This converts this from a worker's compensation case to a non-subscriber case, so not only do you strip the exclusive remedy doctrine, you are now subjecting them to a stripping of common law rights, and more importantly, you ask, what is the effect? Isn't that under Orozco? Isn't that a future injury? No, it's not. It's a pending lawsuit. And Orozco talks about... It was a pending lawsuit, probably, at the point that, from day one. In Orozco, what they tried to do, what they were talking about was the extent of injury. In other words, they were concerned about a left-hand injury and a right-hand injury. I know, and there was already a right-hand injury, there was already the other hand injury at the time that they were getting the ruling on the first one. And everything is administrative to the vision, in other words, you've got to litigate that issue. You can't litigate your right-hand injury. If you claim an injury to your left hand, you can't appeal. It's still a future injury in terms of Orozco, it seems to me. That is totally separate, because in the workers' compensation system, it's issue-driven. So you can have an issue on compensability, was there an injury, and then come back and have a whole other proceeding on, does that injury extend to your left hand, right hand, left foot, or right foot? And this goes on all the time in the administrative process. So it's totally distinguishable from this particular case. All right. Thank you. You've reserved your rebuttal time. Mr. McClellan. May it please the Court. My name is Brad McClellan. I apologize to the circuit. We have another Texas workers' compensation case up before you, and there's a bunch of anomalies in the Texas workers' compensation system. But I grew up being taught it's not the dollars you make, it's the difference you make. In the shadow of my grandfather, Page Keaton. And I don't do workers' compensation. I don't take this case lightly, because I spend most of my days and hours putting people in the course and scope of employment in undercoverage. As we try to argue in a number of these cases. I was actually involved in the NRA Texas mutual case, and I was involved in the deal case, or both cases that have been briefed by both sides before this Court. But what is important about this case and the anomaly or the uniqueness of this Texas workers' compensation system is the insurance company is a party to the proceedings. The employer has a right to participate. Well, the insurance company may even have a position at odds with the employer in some circumstances, right? Absolutely. And I've been in situations where the employer, and I had a hearing two weeks ago, the employer said the passengers that died in a car coming from an out-of-town job assignment were in the course and scope of employment. The surviving kids agreed who I represented, and I'm sitting on the same side as the attorney for the employer with the insurance company sitting on the other side. I've been in a case where the employer argues the person isn't, it's like the NRA, it's the Just Energy Texas case, which the Judge Tagli discussed and the parties have discussed, where the employer is a party, but has suffered no harm. But I've been in cases where the employee is argued between an employer and an independent contractor is often argued. And when there's a tort lawsuit, a lot of times they come back and they'll say, wait, wait, there really were an employee, so they can't sue us in their covered workers' comp. I had an employer take the Fifth Amendment a few months ago in a hearing, and at the administrative level, when we showed they'd signed documents, they were an independent employee to the federal government for other purposes. But the point is, the Division of Workers' Compensation can only award workers' compensation benefits. Well, let me ask you one. I mean, were you here in the previous appeal? Yes, ma'am. Yeah, that's what I, okay. The, Mr. Silvera points out, or Ms., excuse me, yeah, points out that in the TWC issued a ruling that this employee, this fellow was in the course and scope of his employment, but that the policy was not in effect because the retroactive change was not effective. And then it says company is liable. Oh, they mean Americanos, I suppose. Right? So now, because they're treating it as a non-subscriber case at that point. No, they don't get to, the division doesn't get to say Americanos is liable for anything. They just determine whether the insurance company pays benefits or not. Did they conclude that the insurance company had to pay benefits, notwithstanding that the policy wasn't enforced? My clients have not received any checks. They, checks were sent prior to the pre-hearing, the benefit review conference. And then my client, then it cashed them. And after this decision, not a single check has been sent to my client. That's not my, that's not what I'm asking. So they did not, they did not determine them liable to pay any benefits on behalf of Americanos who was determined to be the employer. Because Americanos, and that is the ultimate issue, which is the gamesmanship that can go on in Texas because of a voluntary workers' compensation system. When there's negligence involved, a lot of times employers want to say it is covered to avoid negligence lawsuits. When there is no negligence, they will be the first ones to say, wait, there really wasn't a policy. And I don't think we'd be here if Americanos and Greyhound weren't ultimately concerned about negligence in this case. Because the policy, and let me be clear on this, we wish the ultimate issue is whether you can have a retroactive policy, which the judge below hasn't reached. I believe this court could determine that like they could have the last time. I forget the retired justice that was sitting here asked a lot of questions about that last time we had an argument. But on March 9th, 2011, we had a pre-hearing. And the policy was presented at that pre-hearing at the administrative proceedings. And I was there. And I said, Americanos is not on this policy. And that is the employer of Efrain Dominguez at the time of his death. And on May 13th, Friday, May 13th, the policy was amended to add Americanos to the policy. We understand all that. You know, that's not relevant to the price of tea in China. I mean, I was asking Mr. Silvera, because the Texas law appears to say they're not a party to whether they're a party aggrieved. Does it have alternative coverage in case Americanos and Greyhound are non-subscribers? New Hampshire Insurance Company, the record is scant on any aggrievement suffered by New Hampshire Insurance Company, the insurance company below. The employer is not a party to the proceeding below. They did not intervene. They did not intervene subsequent to this first court. And what I don't understand is why has that Cameron County case been held up for all this time? Because that is the first thing in these negligence lawsuits, which of course involves possibly millions of dollars and millions of dollars up front. But you're not suing New Hampshire, and there's no direct action. You're suing Americanos and Greyhound, right? Correct. And there's either coverage for those people or there's not, but I don't see why you had any reason to keep that in abeyance. We didn't ask for the abatement. We've been asking to move it forward. But it is common for the employer to ask to abate those cases, and that's the NRA Texas mutual case, which I was on the losing side of, which I helped try to represent the employer to intervene and argue that the employer could challenge the final decision out of the division of not being in the course and scope for passengers. And the NRA Texas mutual case, and it's telling that the Supreme Court denied the petition for review on that. Is there even collateral estoppel here? No. And that's in the NRA Texas mutual case, the Eastern Court of Appeals said that the employer has the right to assert their defense if the workers' compensation benefits are the exclusive remedy. Regardless of whether the crew member's course and scope issue is resolved in the judicial review suit or the tort litigation, the meramex, which was the employer, will be required to defend and will be required to carry the same burden of proof because it's an affirmative defense. In that case, the NRA Texas mutual case, there's actually a recent decision out of the Texas Supreme Court from April of this year, and I apologize for not submitting it. It doesn't directly impact this case, but it's Painter v. Meramex, and it's case number 16-0210. Again, case number 16-0210, and it was decided April of this year. And that is the follow-up to NRA Texas mutual. That is the other proceedings going on with the crew members trying to sue the employer under respondent superior. And the Texas Supreme Court addressed the standard for respondent superior, but they noted that the workers' comp proceedings were not at issue here, nor are they determinative of the issues that they were asked to determine under respondent superior. It was a one-line sentence, but it's important. And that's the gamesmanship that can go on in workers' comp proceedings. You could have a workers' comp proceeding determine someone is not a spouse for workers' compensation benefits, but at the same time, you could have other proceedings going on, wrongful death proceedings and other proceedings where someone is a spouse. All right. So coming back to this case, the argument, the same argument was up here the last time. Yes, ma'am. And that is, were they a party aggrieved? And the argument would be that they're, under Orozco, I think, that there's no future, that to the extent they're aggrieved, it would only be future injury, and therefore, they're not aggrieved. Correct. And that's what Texas law says. And Orozco is the opposite, where the, it's similar, where there was, excuse me, the Deal case is the opposite. In Deal, I was helping to represent a police officer where he tried to say the police officer was aggrieved, and they said no, because there was no loss on the benefits. The workers' comp didn't order him to reimburse any benefits to the city, and he was getting what he was entitled, and then it challenged the workers' compensation amount. What you're saying is you don't like the law, but you believe that's what the law is. I believe that's what the law is, and I don't, and it's because of the uniqueness, Judge, of the insurance carrier, and the employer, and the worker, and they can all three be on opposite sides, the same side, or all intermingled. In the Cameron County case, in other words, Americanas and Greyhound could say this is not a non-subscriber suit because our reformation was valid. They could argue that. We would, of course, I think we can argue strongly, and it's just like in a wrongful death proceeding. If the workers' comp division has made a determination on course and scope, I don't think that takes away in a wrongful death, which is a gross negligence. Would that go to the jury or the judge? The judge, I think, would make the legal determination on a policy construction. If there was an argument about what date they were put on the policy, something to that effect, maybe not, but I don't know how there could be any determination contrary to trying to put a retroactive policy in place after the fact for Americanas. Well, since I didn't realize Dean Keaton was your grandfather. Grandfather, yes. I didn't have him for torts. I had Leon Green, but everyone respected Judge Keaton, of course. I mean, Dean Keaton and Judge Brown. But they're getting toward an eerie issue here, but it's not well presented, which has to do with standing. And Texas law, administrative law, as interpreted by the court, seems rather narrow on standing here. And it is. It's statutory, and it's aggrieved, and it's not that they've exhausted remedies. It's not that they're not satisfied. It's not that they're not upset by it. But the statute requires they be aggrieved, and it's a statutory term under the statutory workers' compensation system, which the Texas Supreme Court has held most aspects of it are constitutional. I'm actually challenging some aspects of it when you have a medical-only dispute that there's no provision for attorney fees. But that's the bottom line. The employer, Americanas, may be aggrieved. Greyhound may be aggrieved by the decision. But New Hampshire Insurance Company is not aggrieved because there's nothing they have to pay in the future loss, and that was the Just Energy Texas case that's cited by Judge Smith. It's been discussed the first time around, but it's been discussed when we're back up here. It is not a workers' comp case, but it's an unemployment case with the employer actually in that case where they determined an independent contractor was an employee for unemployment benefits. And for unemployment benefits, the employer is saying, wait, that makes us an aggrieved party. And the Dallas Court of Appeals, which is a conservative court of appeals in Texas, they said, no, you're not, because you don't have to pay anything, and there's not any additional charge, and you didn't show any additional charge, just like, Judge, you asked. They say they're going to have to refund premiums. That's what happens. Premiums are allowed to be adjusted. There's no evidence that they've refunded any premiums. But what is in evidence is that this is what I've called a pass-through or self-funded policy. It's a $5 million policy with a $5 million deductible. They've argued it only applies to the employers. I don't think that's relevant. And I only bring it up because Mr. Silvera argued, well, we may be liable under the employer's liability portion. No, they're not. At the end of the day, any dollar that they've argued that that only applies to the employer's liability portion of the policy, if that's true, then they have no liability for dollars under that portion either. So, what it is, and why I bring that up in the Just Energy Texas case, in that case, if someone's an employer or an independent contractor, yes, that could certainly affect withholding, overtime, and other matters. But those weren't in dispute and weren't within the jurisdiction of the Texas Workforce Commission in that case. In none of these other matters, the premium dispute is not within the Division of Workers' Compensation's jurisdiction. The negligence lawsuit is not within the Division of Workers' Compensation's jurisdiction. Their only jurisdiction is to award or not award workers' compensation benefits, and they can determine coverage. But that's not something exclusively in their jurisdiction, because a number of these cases, and I cite to the Excel case in my brief about whether you have to be named on the policy. In that case, the Texas Supreme Court made the determination that the other employer wasn't on the policy, and they have to be named on the policy. And that's ultimately, I know this court probably won't reach it and resolve that. I wish they had the first time. I believe they could this time. Because if you can't have a retroactive policy, then you couldn't be agreed to either. And that's part of our argument. And if they can't add someone on a policy to avoid a tort lawsuit, that would defeat the whole purpose of a voluntary workers' compensation system and the benefits that an employer gets. The same principles of contract construction would apply here as apply everywhere else. And if my insurance company forgot to put somebody on my policy, say I had an individual policy and I meant for family coverage, and they knew that, and then somebody in the family gets hurt, of course we could do a retroactive reformation. Not in workers' comp, Judge. But that makes no sense at all to me. And the reason it makes sense is because the employers get benefits of workers' comp, and employees lose rights if they're under workers' comp. And that's what we cite to the 2052.003 of the insurance code. You say it's losing rights, but it's also, it's not. It's a bargain, as you very well know. And the bargain is you get speedy compensation according to a standard formula, even though it might be less, and you wouldn't have lawyers charging you 40 percent and all the delays and so forth with court. Yes, that's true. But unlike other states where it's mandatory to be covered. And that, I would concede, I think an insurance company would come in and sit there and say, well, yeah, you were supposed to have coverage, but you weren't on the policy if someone came in and tried to say, cover us here, and they weren't really on the policy. But in Texas, it's always been standard that you have to have the policy in effect at the time of the injury, not even 15 minutes late. And we cite a number of cases. The first time around, I cite a few cases this time. Again, that's not here. But that's why you couldn't have a retroactive policy, because every time someone got seriously hurt and there wasn't workers' comp in place in Texas, an employer would come in and say, wait, here's my policy. Or like poor Miss Perla Garcia here, it's nearly 10 years after the injury and she doesn't have a dime. Yes, ma'am. And that's a little bit of the judicial system and the fights in here in her two children. And I've got another case up at the Texas Supreme Court right now that affects every peace officer that's been going on since 2005 for a surviving spouse of a peace officer. And she received a few benefits and then they were stopped because she lost the final decision. It's been all the way up through the appellate court system in Texas. I wish, and that's why the retroactive determination, I believe, would help. But just to get back to the aggrieved party, there is nothing showing that the insurance company has had to suffer any immediate damage or actual loss. And that's the Orozco decision. It's the deal decision for the opposite for the worker. And I'm going to be honest with you. If Miss Castillo had lost this decision at the administrative level, I believe she could have brought a lawsuit challenging that, even if she were awarded workers' compensation benefits. But she is in a different position because she is the party in the district court proceeding in the negligence lawsuit. But New Hampshire Insurance Company is not. And that's... The fact that she filed a counterclaim on this issue doesn't make any difference. It's none, and that's the Orozco case. The deal case was kind of similar. The city didn't file a counterclaim. The city made claims arguing, well, you don't have to argue it here. Okay. No further questions. Thank you, sir. Back to you, Mr. Saverio. Rebuttal, if you like. Mr. McClellan, I've known him for a long time. We've had a lot of cases together. He's a well-respected workers' compensation attorney in Texas. I have to disagree with him on a number of matters. First and foremost, I think his representation to this court that the finding of the division will have no effect on the Cameron County case is simply false and inaccurate. Because even in his own brief, he acknowledges the decision of the division on coverage will be final and binding. There is no appeal from that. There is no... But it's not the same parties. But they're going to take the position in the Cameron County... That's why this case is abated. In order for this court... I understand. I understand from all your explanations why the case would have been abated. But again, I mean, it's not a matter of race judicata because it's not the same parties. But they're going to rely... To assert the exclusive remedy defense, you have to establish that you're the employer and that there was a workers' compensation attorney policy in force and effect. That's exactly why they went through this process. They want to talk... I mean, this is where I have the problem with your argument, though, which is that I do not see the proof that New Hampshire is on the hook for coverage in Cameron County. But what they're trying to do, Your Honor, is they're using the division process to get a finding. In some of the cases when there's no dispute about course and scope and there's no dispute about coverage, I agree. You can assert those defenses. But that's not the case here. Under the facts of this case, there was a dispute on course and scope which had to be resolved by the Workers' Comp Commission. And the division has exclusive jurisdiction. And therefore, this is no different than a declaratory judgment action to determine was there or wasn't there not coverage on this date. The division has exclusive jurisdiction. You have to follow the process after which the administrative process. You then have the right to judicial review. And that's in the... Let me ask a question. Why did your client choose to file in federal court to begin with? They filed in federal court because under diversity, you have the right to file in district or federal court. I know that. I'm just wondering why. We don't have this expertise in Workers' Comp at all. Well, it was filed in district court. They had the right to file their appeal. They didn't have to file a counterclaim in federal court. They could have filed a separate suit in state court. But they chose also to be here. So, we also talk about the ultimate relief solid. New Hampshire did not get the ultimate relief solid in any manner. And counsel is being very careful in his answers. And he is well aware that the court has jurisdiction because otherwise, the first thing he would have done as would I, is file a plea to the jurisdiction. Jurisdiction was stipulated to. The prerequisites of 410251 were stipulated to as complied with. This matter was litigated for two, three years before the judge in the spotty dismissed it. And, on motions for summary judgment filed by Perla Garcia on coverage, summary judgment motions filed for the employer status. But, at the end of the day, we get back to in the cases that were cited, in those cases, the issues which are in dispute, the party obtained the ultimate relief they sought. We did not obtain the relief which we sought, which was a finding of coverage and also a finding that he, for purposes of workers' comp, he could have been an employer of Greyhound and First Group as well. And the cases which they cite in Miramax is not applicable because there is no dispute concerning coverage in that case. There is no dispute concerning the existence of a workers' compensation policy. So, they are well aware that they want this decision. They do not want this case to be determined on the merits. They want this case to be determined and say there's no standing so they can assert the division decision's final and binding and we're then going to file in Cameron County to say there's no comp coverage. Therefore, exclusive remedy, etc., does not apply. So, what we believe is, in this case, under this scenario, any claimant could use this process to go to the division and make a finding there's no coverage. Whether, in fact, there's coverage or not, there would be no remedy. There would be no appeal. Which is not what the statute provides and it's not what the constitutional provisions provide and it's not what the Texas Supreme Court has said is constitutional in the administrative process to have substantive and procedural due process. There's only been... Well, I was trying to let you finish your sentence but you've got a red light and I think we have your argument. We would request that this matter be reversed to the court so it could rule on the merits. Thank you, sir. Thank you to both counsel. Alright, we'll call up the fourth case.